GORDON SILVER
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gordonsilver.com
TALITHA B. GRAY, ESQ.
Nevada Bar No. 9040
E-mail: tgray@gordonsilver.com
CANDACE C. CLARK, ESQ.
Nevada Bar No. 11539
E-mail: cclark@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Attorneys for Brian D. Shapiro,
Liquidating Trustee

E-Filed On    5/3/10

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| In re:<br><br>STEVEN D. MOLASKY,<br><br>    Debtor. | Case No.: 08-14517<br>Chapter 11 |
|---|---|
| BRIAN D. SHAPIRO, the liquidating trustee of Steven D. Molasky Liquidating Trust,<br><br>    Plaintiff,<br><br>v.<br><br>ONECAP HOLDING CORPORATION, a Nevada corporation; ZIASUN, LLC, a Nevada limited liability company,<br><br>    Defendants. | Adversary No.:<br><br>**COMPLAINT**<br><br>Scheduling Conference:<br>Date:<br>Time: |

Plaintiff, Brian D. Shapiro ("Plaintiff"), in his capacity as the liquidating trustee of the Steven D. Molasky Liquidating Trust (the "Trust"), by and through his counsel, the law firm of Gordon Silver, hereby files his <u>Complaint</u> against the Defendants, OneCap Holding Corporation and Ziasun, LLC (collectively, the "Defendants"), and alleges as follows:

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102265-001/725503_4.doc

# I.
# PARTIES, JURISDICTION, AND VENUE

**A.    Plaintiff.**

1.    On May 3, 2008 (the "Petition Date"), Steven D. Molasky ("Debtor") filed a voluntary petition for relief under Chapter[1] 11, thereby commencing the above-captioned bankruptcy case (the "Bankruptcy Case").

2.    On March 26, 2009, the Court entered its <u>Order Confirming Debtor's Second Amended Plan Of Reorganization</u>, thereby confirming Debtor's Second Amended Plan Of Reorganization (as amended, the "Plan").

3.    In accordance with the terms of the Plan, on April 10, 2009, the Plan became effective, the Trust was created, and Trustee was deemed the successor representative of Debtor's Estate (as defined in Section 1123(b)(3)(B)) with all of the rights and powers provided for under the Plan and the Liquidating Trust Agreement.

4.    Pursuant to the Plan and the Liquidation Trust Agreement, Plaintiff is vested with the authority and standing to initiate this adversary proceeding (the "Adversary Proceeding").

**B.    Defendants.**

5.    OneCap Holding Corporation ("OneCap") is a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business located in Clark County, Nevada.  OneCap may be served with process through its resident agent, Harold Gewerter, at 5440 W. Sahara Ave., Third Floor, Las Vegas, NV 89146.

6.    Ziasun, LLC ("Ziasun") is a limited liability company duly organized and existing under the laws of the State of Nevada, with its principal place of business located in Clark County, Nevada.  Ziasun may be served with process through its resident agent, Harold Gewerter, at 5440 W. Sahara Ave., Third Floor, Las Vegas, NV 89146.

. . .

. . .

---

[1] Unless otherwise expressly stated herein, all references to Chapters or Sections shall refer to 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") and all references to Rules shall refer to the Federal Rules of Bankruptcy Procedure, 1001-9037 (the "Bankruptcy Rules").

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102265-001/725503_4.doc

2

**C.    Jurisdiction And Venue.**

7. This Court has jurisdiction over the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to 28 U.S.C. §§ 157 and 1334, as well as Local Rule 1001 and Bankruptcy Rule 7001(1).

8. This Adversary Proceeding is a "core" proceeding as that term is defined in 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O), and arises in and is related to the Bankruptcy Case currently pending in this District.

9. Venue for this Adversary Proceeding is proper in this District pursuant to 28 U.S.C. 1409(a) because Debtor is subject to a petition for Chapter 11 relief in this Court.

## II.
## GENERAL ALLEGATIONS

10. Pacific Hampden, LLC ("Pacific Hampden") is an entity indirectly owned and controlled by the Debtor.

11. Specifically, in February of 2008, Molasky Pacific, LLC, of which the Debtor owned ninety-nine and nine-tenths percent (99.9%), owned ninety-nine (99%) percent of Pacific Hampden with the remaining one percent (1%) being owned by Pacific Hampden MM, Inc., which was solely owned by Debtor.

12. In or about the first quarter of 2008, Pacific Hampden sold (the "Sale") certain of its assets to Windsor at the District, LLC ("Windsor").

13. Upon information and belief, as Debtor indirectly held the equity in Pacific Hampden, Debtor was entitled to receive in excess of $1 million from the proceeds of the Sale.

14. In February 2008, in connection with the Sale, Debtor redirected the proceeds of the Sale to which it was entitled on account of its equity interest, to OneCap.

15. As evidenced by Check No. 999629 (the "Check"), pursuant to Debtor's direction, on or about February 5, 2008, Pacific Hampden, issued a check in the name of OneCap in the sum of $1 million (the "Transfer").

16. On or about February 6, 2008, OneCap deposited the Check into its business checking account ending in 5492 held with Bank of America, N.A. (the "BofA Account").

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102265-001/725503_4.doc

17. At the time of the Transfer, OneCap's BofA Account had a balance of less than $200,000.

18. Less than forty-eight hours later, on or about February 8, 2008, from its BofA Account, OneCap transferred by wire the $1 million Transfer to Ziasun.

19. According to Debtor's Summary of Schedules ("Schedules"), on the Petition Date, which was less than one month after the Transfer, Debtor's liabilities exceeded his assets by in excess of $54 million.

## III.
## FIRST CLAIM FOR RELIEF
### (Avoidance Of The Transfer Pursuant To Section 548(a)(1)(B))

20. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

21. The Transfer constitutes a transfer of an interest of Debtor in property.

22. Having occurred after May 3, 2006, Debtor made the Transfer within two (2) years of the Petition Date.

23. Upon information and belief, Debtor received no benefit, and certainly not reasonably equivalent value, from OneCap or Ziasun in exchange for making the Transfer.

24. As the Transfer was made within one month of the Petition Date when Debtor's liabilities exceeded its asset by more than $54 million, Debtor was insolvent at the time of the Transfer, or became insolvent as a result of the Transfer.

25. Additionally and in the alternative, at the time of the Transfer, Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital.

26. Additionally and in the alternative, at the time of the Transfer, Debtor intended to incur, or believed that it would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

27. The Transfer is avoidable pursuant to Section 548(a)(1)(B).

. . .

. . .

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102265-001/725503_4.doc

4

## IV.
## SECOND CLAIM FOR RELIEF
### (Avoidance Of Fraudulent Transfer Pursuant To NRS 112.180(1)(b) And Section 544)

28. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

29. The Transfer constitutes a transfer of an interest of Debtor in property.

30. Having occurred after May 3, 2004, the Transfer was made within four (4) years of the Petition Date.

31. Upon information and belief, Debtor received no benefit, and certainly not reasonably equivalent value, in exchange for making the Transfer.

32. As the Transfer was made within one month of the Petition Date when Debtor's liabilities exceeded its asset by more than $54 million, Debtor was insolvent at the time of the Transfer, or became insolvent as a result of the Transfer.

33. On the date of the Transfer, there were creditors with allowable unsecured claims who could have avoided the Transfer pursuant to Nevada law, including, but not limited to certain of the creditors identified on Debtor's Schedule F filed with the Bankruptcy Court.

34. Additionally and in the alternative, at the time of the Transfer, Debtor was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to such business or transaction.

35. Additionally and in the alternative, at the time of the Transfer, Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

36. Additionally, at the time of the Transfer, Debtor was not paying or was unable to pay its debts as they became due.

37. The Transfer is avoidable pursuant to NRS 112.180(1)(b) made applicable by Section 544(b)(1).

## V.
## THIRD CLAIM FOR RELIEF
### (Avoidance Of Preferential Transfer Pursuant To Section 547(b))

38. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102265-001/725503_4.doc

5

39. Having occurred after February 2, 2008, the Transfer was made within the ninety (90) day period preceding the Petition Date.

40. The Transfer constitutes a transfer of an interest of Debtor in property.

41. On or about July 2007, Debtor became obligated under a loan tendered by Vince Hesser (the "Hesser Loan") in the approximate sum of $1 million.

42. The Hesser Loan was not secured by any collateral.

43. Upon information and belief, at the time of the Transfer, Hesser directly or indirectly controlled OneCap and controlled where the Transfer was initially deposited and where it was subsequently transferred.

44. To the extent that the Transfer was intended to serve as the repayment of the Hesser Loan, the Transfer was made to or for the benefit of a creditor of Debtor.

45. To the extent that the Transfer was the repayment on an outstanding loan, the Transfer was made on account of an antecedent debt owed by Debtor before such transfer was made.

46. Plaintiff is entitled to a presumption that Debtor was insolvent on or during the ninety (90) days immediately preceding the Petition Date.

47. Having occurred after February 2, 2008 and when Debtor's assets exceeded its liabilities by more than $54 million, the Transfer was made while Debtor was insolvent.

48. As of the filing of this Complaint, the Trust has assets of less than $6 million to distribute to holders of allowed unsecured claims and has asserted against it, allowed unsecured claims in excess of $25 million.

49. The Transfer thus enabled the receipt of more than would have been received if the Bankruptcy Case were a case under Chapter 7, the Transfer had not been made, and the Hesser Loan had been repaid to the extent provided by the provisions of the Bankruptcy Code.

## VI.
## FOURTH CLAIM FOR RELIEF
### (Recovery Of Fraudulent Transfer Pursuant To Section 550)

50. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102265-001/725503_4.doc

6

51. OneCap was the initial transferee of the Transfer.

52. Because the Transfer is avoidable pursuant to NRS 112.180(1)(b), made applicable by Section 544(b)(1), and/or Section 548, the Transfer is recoverable from OneCap pursuant to Section 550(a).

53. Alternatively, because the Transfer is avoidable pursuant to Section 547, the Transfer or the value of such transfer is recoverable from OneCap pursuant to Section 550(a).

54. As Ziasun received the Transfer or the benefit thereof from OneCap such that it was the immediate, mediate, and/or subsequent transferee of the Transfer, then the Transfer or the value of such transfer is likewise recoverable from Ziasun pursuant to Section 550(a).

## VII.
## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

55. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

56. Without receiving any consideration, Debtor provided a benefit to the Defendants by tendering the $1 million Transfer.

57. Each of the Defendants knew that the Debtor had no obligation to tender the Transfer to them, yet each of the Defendants accepted the Transfer and retained the benefit of the Transfer.

58. At the time the Transfer, the Defendants knew or should have known, that the Debtor was insolvent.

59. It would thus be inequitable to permit the Defendants to retain the Transfer.

## VIII.
## SIXTH CLAIM FOR RELIEF
### (Money Had And Received)

60. Plaintiff repeats, realleges, and fully incorporates the allegations pleaded above.

61. The Defendants received money in the aggregate sum of $1 million from Debtor through the Transfer.

62. The Debtor is rightfully entitled to the money as it received no consideration in exchange for the Transfer.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102265-001/725503_4.doc

7

63. In good conscience and equity, the Defendants have no right to retain any money received from the Transfer.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

1. Judgment against the Defendants, jointly and severally, in the amount of $1 million;

2. Avoidance of the Transfer pursuant to Section 548(a)(1)(B);

3. Avoidance of the Transfer pursuant to NRS 112.180(1)(b) and Section 544(b);

4. Avoidance of the Transfer pursuant to Section 547;

5. Recovery of the Transfer or the value of the Transfer pursuant to Section 550;

6. Directing each of Defendants to repay the value of the Transfer to Plaintiff;

7. Directing Defendants to pay to Plaintiff all pre-and post-judgment interest on the Transfer at the maximum rate allowable by law and/or equity;

8. An award of Plaintiff's reasonable attorney's fees and costs to the extent permitted by law; and

9. All such further relief to which Plaintiff is entitled at law or in equity.

DATED this 3rd day of May, 2010.

GORDON SILVER

By: _____
GREGORY E. GARMAN, ESQ.
TALITHA B. GRAY, ESQ.
CANDACE C. CLARK, ESQ.
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Attorneys for Brian D. Shapiro,
Liquidating Trustee

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

102265-001/725503_4.doc

8