E-Filed on: <u>June 2, 2010</u>

FREDERICK SANTACROCE, Esq.
Nevada Bar No. 5121
LAW OFFICES OF FREDERICK SANTACROCE, ESQ.
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327
Attorney for Plaintiff

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| In re: | Case No.: 08-14517 |
| STEVEN D. MOLASKY, | Chapter 11 |
| Debtor. | Adversary No.: 10-01165 |
| | |
| BRIAN D. SHAPIRO, the liquidating trustee of Steven D. Molasky Liquidating Trust, | **ANSWER, AFFRIMATIVE DEFENSES AND CROSSCLAIMS** |
| Plaintiff, | |
| v. | |
| ONECAP HOLDING CORPORATION, a Nevada corporation; ZIASUN, LLC, a Nevada limited liability company, | |
| Defendants. | |

And now comes Defendants, ONECAP HOLDING CORPORATION and ZAISUN, LLC, by and through their counsel, FREDERICK SANTACROCE, ESQ., of the law firm SANTACROCE LAW OFFICES, LTD and files the within Answer and Affirmative Defenses to Plaintiff's Adversary Complaint and states as follows:

Dated: <u>June 2, 2010</u>

FREDERICK SANTACROCE, ESQ.

FREDERICK SANTACROCE, Esq.
SANTACROCE LAW OFFICES LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327
Attorney for Defendants

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

- 1 -

## PARTIES, JURISDICTION, AND VENUE

A.  **Plaintiff**

   1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 1 and, therefore, neither admit nor deny the averments pursuant to Rule 8(b) of the FRCP.

   2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 2 and, therefore, neither admit nor deny the averments pursuant to Rule 8(b) of the FRCP.

   3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 3 and, therefore, neither admit nor deny the averments pursuant to Rule 8(b) of the FRCP.

   4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 4 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

B.  Defendants.

   5. Defendants admit the allegations set forth in Paragraph 5.

   6. Defendants admit the allegations set forth in Paragraph 6.

C.  **Jurisdiction And Venue.**

   7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 7 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

   8. Paragraph 8 of Plaintiff's Adversary Complaint states a legal conclusion to which no

response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 9 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

**GENERAL ALLEGATIONS**

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 10 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 11 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 12 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 13 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

14. Defendants deny the allegations set forth in Paragraph 14.

15. Defendants admit the allegations in Paragraph 15. (See Affirmative Defenses)

16. Defendants admit the allegations in Paragraph. 16. (See Affirmative Defenses)

17. Defendants admit the allegations in Paragraph 17. (See Affirmative Defenses)

- 3 -

18. Defendants admit the allegations in Paragraph 18. (See Affirmative Defenses)

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 19 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

### FIRST CLAIM FOR RELIEF
### (Avoidance Of The Transfer Pursuant To Section 548(a)(1)(B))

20. Paragraph 20 of Plaintiff's Adversary Complaint does not require a response. Defendants herein refer to and incorporate their previous responses as if stated herein at length.

21. Paragraph 21 of Plaintiff's Adversary Complaint states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 22 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

23. Defendants deny the allegations of paragraph. (See Affirmative Defenses)

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 24 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 24 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 26 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

27. Paragraph 27 of Plaintiff's Adversary Complaint states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

## SECOND CLAIM FOR RELIEF
### (Avoidance Of Fraudulent Transfer Pursuant To NRS 112.180(1)(b) And Section 544)

28. Paragraph 28 of Plaintiff's Adversary Complaint does not require a response. Defendants herein refer to and incorporate their previous responses as if stated herein at length.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 29 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 30 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

31. Defendants deny the allegations of Paragraph. (See Affirmative Defenses)

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 32 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 33 and, therefore, neither admit, nor deny the

- 5 -

averments pursuant to Rule 8(b) of the FRCP.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 34 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 35 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 36 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

37. Paragraph 37 of Plaintiff's Adversary Complaint states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

### THIRD CLAIM FOR RELIEF

**(Avoidance Of Preferential Transfer Pursuant To Section 547(b))**

38. Paragraph 38 of Plaintiff's Adversary Complaint does not require a response. Defendants herein refer to and incorporate their previous responses as if stated herein at length.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 39 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 40 and, therefore, neither admit, nor deny the

averments pursuant to Rule 8(b) of the FRCP.

41. Defendants admit the allegations in Paragraph 41.

42. Defendants deny the allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43.

44. Defendants deny the allegations of Paragraph 44. (See Affirmative Defenses)

45. Defendants deny the allegations of Paragraph 45. (See Affirmative Defenses)

46. Paragraph 46 of Plaintiff's Adversary Complaint states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 47 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 48 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 49 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

### FOURTH CLAIM FOR RELIEF
### (Recovery Of Fraudulent Transfer Pursuant To Section 550)

50. Paragraph 50 of Plaintiff's Adversary Complaint does not require a response. Defendants herein refer to and incorporate their previous responses as if stated herein at

length.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 49 and, therefore, neither admit, nor deny the averments pursuant to Rule 8(b) of the FRCP.

52. Paragraph 52 of Plaintiff's Adversary Complaint states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

53. Paragraph 53 of Plaintiff's Adversary Complaint states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

54. Paragraph 54 of Plaintiff's Adversary Complaint states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

### FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

55. Paragraph 55 of Plaintiff's Adversary Complaint does not require a response. Defendants herein refer to and incorporate their previous responses as if stated herein at length.

56. Plaintiffs deny the allegations Paragraph 56.

57. Plaintiffs deny the allegations Paragraph 57.

58. Plaintiffs deny the allegations Paragraph 58.

59. Plaintiffs deny the allegations Paragraph 59.

# SIXTH CLAIM FOR RELIEF
## (Money Had And Received)

60. Paragraph 60 of Plaintiff's Adversary Complaint does not require a response. Defendants herein refer to and incorporate their previous responses as if stated herein at length.

61. Plaintiffs admit the allegations in Paragraph 61.

62. Plaintiffs deny the allegations Paragraph 62.

63. Plaintiffs deny the allegations Paragraph 63.

## AFFIRMATIVE DEFENSES

64. This Defendant herein refers to and incorporates the previously set forth responses as if stated at length herein.

### FIRST AFFIRMATIVE DEFENSE

65. Defendants specifically deny any and all averments not specifically admitted in its Answer.

### SECOND AFFIRMATIVE DEFENSE

66. To the extent justified by the evidence developed in discovery or the testimony at the time of trial, Plaintiff's Adversary Complaint fails to state a claim(s) against Defendants upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

67. To the extent justified by the evidence developed in discovery or the testimony at the time of trial, this Defendant raises all Affirmative Defenses set forth in the Federal Rules of Civil Procedure to the Plaintiff's claims, including but not limited to the legal doctrines of

Santacroce Law Offices, LTD
706 S. 8th St Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327

payment, accord and satisfaction, release, waiver, estoppel, laches and the statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

68. The transfer alleged is exempt from recovery pursuant to the Bankruptcy Code.

### FOURTH AFFIRMATIVE DEFENSE

69. The transfer that is the subject of this Complaint was intended by the Transferring Debtor and Defendants to be a contemporaneous exchange for new value given and were in fact a substantially contemporaneous exchange. Based on the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(l).

### FOURTH AFFIRMATIVE DEFENSE

70. The Transfer was made: (a) in satisfaction of a debt incurred by the Debtor in the ordinary course of the business or financial affairs of the Transferring Debtor and Defendant; (b) in the ordinary course of business or financial affairs of the Transferring Debtor and Defendant; and (c) according to ordinary business terms. Based upon the foregoing, the Transfer is immune from avoidance pursuant to Bankruptcy Code section 547(c)(2).

### FOURTH AFFIRMATIVE DEFENSE

71. After or concurrently with the date of the Transfer, Defendants gave subsequent new value to or for the benefit of the Debtor that was not secured by an otherwise unavoidable security interest, and on account of such new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant. Based upon the foregoing, the Transfer is immune from avoidance pursuant to Bankruptcy Code section 547(c)(4).

### FIFTH AFFIRMATIVE DEFENSE

72. To the extent justified by the evidence developed in discovery or the testimony at the time of trial, this Defendant reserves the right to assert any and all other affirmative defenses, which discovery may reveal appropriate and/or proper.

WHEREFORE, Defendants deny that they are liable to Plaintiff and respectfully requests Judgment be entered in its favor and against Plaintiff.

## CROSSCLAIMS

73. This Defendant herein refers to and incorporates its previously set forth responses as if set forth fully at length herein.

74. This Defendant denies and continues to deny that it is liable to Plaintiff upon any theory. However, should Plaintiff be entitled to recover from this Defendant, although it is denied that Plaintiff is so entitled, this Defendant is entitled to indemnification and/or contribution from the Co-Defendants and/or other co-defendants and/or third-party defendants who may hereafter be named in this action. For purposes of asserting such rights of indemnification and contribution, this Defendant herein refers to and incorporates Plaintiff's Adversary Complaint, although by making such reference, this Defendant makes no admission as to the truth or falsity of any factual allegations contained therein.

Dated: June 2, 2010

FREDERICK SANTACROCE, ESQ.

By _____

FREDERICK SANTACROCE, Esq.
Nevada Bar No. 5121
SANTACROCE LAW OFFICES, LTD
706 S. 8th St
Las Vegas, Nevada 89101
Telephone: (702) 598-1666
Fax: (702) 385-1327
Attorney for Defendants