FREDERICK SANTACROCE, Esq.
Nevada Bar No. 5121
SANTACROCE LAW OFFICES, LTD.
706 S. 8th Street
Las Vegas, Nevada 89101
Telephone: (702) 598-1666 Fax: (702) 385-1327
Attorney for Defendant Vincent Hesser
and Ziasun, LLC

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| In re:<br>STEVEN D. MOLASKY,<br><br>    Debtor.<br>_____<br>BRIAN D. SHAPIRO, the liquidating trustee of Steven D. Molasky Liquidating Trust,<br><br>    Plaintiff,<br>v.<br><br>ONECAP HOLDING CORPORATION, a Nevada corporation; ZIASUN, LLC, a Nevada limited liability company; and VINCENT HESSER, an individual,<br><br>    Defendants/Cross Claimants,<br><br>PHYLLIS WYNN, an individual<br><br>    Cross Defendant. | Case No.: 08-14517<br><br>Chapter 11<br><br>Adversary No.: 10-01165<br><br><br><br><br>**DEFENDANTS ZIASUN LLC AND VINCENT HESSER ANSWER TO AMENDED COMPLAINT; AND CROSS-CLAIM** |

Comes Now Defendants, VINCENT HESSER ("Hesser") and ZIASUN, LLC ("Ziasun"), by and through their counsel, FREDERICK A. SANTACROCE, ESQ., of the law firm SANTACROCE LAW OFFICES, LTD., and respectfully submit their Answer to Plaintiff's Amended Complaint.

//

# I.
# PARTIES, JURISDICTION, AND VENUE

**A.** **Plaintiff.**

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 1 and, therefore, neither admits nor denies the averments pursuant to Rule 8(b) of the FRCP.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 2 and, therefore, neither admits nor denies the averments pursuant to Rule 8(b) of the FRCP.

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 3 and, therefore, neither admits nor denies the averments pursuant to Rule 8(b) of the FRCP.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 4 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

**B.** **Defendant.**

5. Defendants admit the allegations set forth in Paragraph 5.

6  Defendants admit the allegations set forth in Paragraph 6.

7. Defendant Hesser admits that he is an individual and that at all relevant times he was a resident of Clark County, Nevada. Defendant further admits that he was an officer and director of OneCap. Defendant denies the remaining allegations in Paragraph 7.

**B.** **Jurisdiction and Venue.**

8. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 7 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

9.     Paragraph 9 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required. To the extent that a response is deemed necessary, said averment is denied and strict proof thereof is demanded.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 9 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

## II.
## GENERAL ALLEGATIONS

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 11 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 12 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

13.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 13 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

14.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 14 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

15.    Defendants deny the allegations set forth in Paragraph 15.

16.    Defendants deny the allegations set forth in Paragraph 16.

17.    Defendants admit the allegations in Paragraph 17.

18.    Defendants admit the allegations in Paragraph 18.

19.    Defendants admit the allegations in Paragraph 19.

20. Defendants admit the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 33 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

**III.**
**FIRST CLAIM FOR RELIEF**
**(Avoidance of The Transfer Pursuant to Section 548(a)(1)(B))**

24. Paragraph 24 of the Amended Complaint does not call for an answer.

25. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 33 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 33 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

27. Defendants deny the allegations in Paragraph 27.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 29 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

30. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 30 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

1. 31.  Defendants deny the allegations in Paragraph 31.

**IV.**
**SECOND CLAIM FOR RELIEF**
**(Avoidance of The Transfer Pursuant to NRS 112.180(1)(B) AND Section 544)**

32. Paragraph 32 of the Amended Complaint does not call for an answer.

33. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 33 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 34 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 36 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 37 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

38. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 38 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

39. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 38 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 40 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

41. Defendants deny the allegations in Paragraph 41.

## V.
## THIRD CLAIM FOR RELIEF
**(Avoidance of Preferential Transfer Pursuant to Section 547(b))**

42. Paragraph 42 of the Amended Complaint does not call for an answer.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants admit the allegations in Paragraph 44.

45. Defendants deny the allegations in Paragraph 45.

46. Defendants deny the allegations in Paragraph 46.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 47 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

48. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 28 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 49 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

50. Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 50 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

51.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 51 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

52.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 52 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

53.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 53 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

54.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters alleged in Paragraph 54 and, therefore, neither admits, nor denies the averments pursuant to Rule 8(b) of the FRCP.

## VI.
## FOURTH CLAIM FOR RELIEF
### (Recovery of Fraudulent Transfer Pursuant to Section 550)

55.  Paragraph 55 of the Amended Complaint does not call for an answer.

56.  Defendants admit the allegations in Paragraph 56.

57.  Defendants deny the allegations in Paragraph 57.

58.  Defendants deny the allegations in Paragraph 58.

59.  Defendants deny the allegations in Paragraph 59.

## VII.
## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

60.  Paragraph 60 of the Amended Complaint does not call for an answer.

61.  Defendants deny the allegations in Paragraph 61.

62.  Defendants deny the allegations in Paragraph 62.

63. Defendants deny the allegations in Paragraph 63.

64. Defendants deny the allegations in Paragraph 64.

## VIII.
## SIXTH CLAIM FOR RELIEF
### (Money Had And Received)

65. Paragraph 65 of the Amended Complaint does not call for an answer.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. Defendants deny the allegations in Paragraph 68.

## IX.
## SEVENTH CLAIM FOR RELIEF
### (Alter Ego)

69. Paragraph 69 of the Amended Complaint does not call for an answer.

70. Defendants deny the allegations in Paragraph 70.

71. Defendants deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72.

73. Defendants deny the allegations in Paragraph 73.

**AFFIRMATIVE DEFENSES**

74. These Defendants herein refer to and incorporate the previously set forth responses as if stated at length herein.

**FIRST AFFIRMATIVE DEFENSE**

75. Defendant specifically deny any and all averments not specifically admitted in its Answer.

**SECOND AFFIRMATIVE DEFENSE**

76. To the extent justified by the evidence developed in discovery or the testimony at the time of trial, Plaintiff's Adversary Complaint fails to state a claim against Defendants

upon which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE**

77. To the extent justified by the evidence developed in discovery or the testimony at the time of trial, this Defendant raises all Affirmative Defenses set fourth in the Federal rules of Civil Procedure to the Plaintiff's claims, including, but not limited to the legal doctrines of payment, accord and satisfaction, releases, waiver, estoppel, laches and the statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE**

78. The transfer alleged is exempt from recovery pursuant to the Bankruptcy Code.

**FIFTH AFFIRMATIVE DEFENSE**

79. The transfer that is the subject of this Complaint was intended by the transferring Debtor and Defendants to be a contemporaneous exchange for new value given and were in fact a substantially contemporaneous exchange. Based on the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code Section 547(c)(1)

**SIXTH AFFIRMATIVE DEFENSE**

80. The Transfer was made: (a) in the satisfaction of a debt incurred by the Debtor in the ordinary course of the business or financial affairs of the Transferring Debtor and Defendants; (b) in the ordinary course of business or financial affairs of the Transferring Debtor and Defendants; and (c) according to business terms. Based upon the foregoing, the Transfer is immune from avoidance pursuant to Bankruptcy Code Section 547(c)(2).

**SEVENTH AFFIRMATIVE DEFENSE**

81. After or concurrently with the date of the Transfer Defendants gave subsequent new value to or for the benefit of the Debtor that was not secured by an otherwise unavoidable

1  security interest, and on account of such new value the, the Debtor did make an otherwise unavoidable transfer to or for the benefit of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

82.    To the extent justified by the evidence developed in discovery or the testimony at the time of trial, these Defendants reserve the right to assert any and all other affirmative defenses, which discovery may reveal appropriate and/or proper.

## CROSS-CLAIM

**Summary**

83.    Trustee has filed an adversary claim against Defendant(s) seeking (1) Avoidance Of The Transfer Pursuant To Section 548(a)(1)(B); and (2) Avoidance Of Fraudulent Transfer Pursuant To NRS 112.180(1)(b) And Section 544.

84.    The transfer alleged is exempt from recovery pursuant to the Bankruptcy Code.

85.    The transfer that is the subject of this Complaint was intended by the Transferring Debtor and Defendants to be a contemporaneous exchange for new value given and was in fact a substantially contemporaneous exchange. Based on the foregoing, the Transfers are immune from avoidance pursuant to Bankruptcy Code section 547(c)(l).

86. The Transfer constitutes as secured debt to a secured creditor.

87. The Transfer was made: (a) in satisfaction of a debt incurred by the Debtor in the ordinary course of the business or financial affairs of the Transferring Debtor and Defendant; (b) in the ordinary course of business or financial affairs of the Transferring Debtor and Defendant; and (c) according to ordinary business terms.  Based upon the foregoing, the Transfer is immune from avoidance pursuant to Bankruptcy Code section 547(c)(2).

88.    After or concurrently with the date of the Transfer, Defendants gave subsequent

new value to or for the benefit of the Debtor that was not secured by an otherwise unavoidable security interest, and on account of such new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant. Based upon the foregoing, the Transfer is immune from avoidance pursuant to Bankruptcy Code section 547(c)(4).

**The Parties**

89.     OneCap Holding Corporation ("OneCap") is a corporation duly organized and existing under the laws of the State of Nevada, with its principal place of business located in Clark County, Nevada.   On June 10, 2010 a Chapter 7 Bankruptcy proceeding was filed on behalf of Defendant, ONECAP HOLDING CORPORATION, in the United States Bankruptcy Court in Las Vegas, Nevada, being Case No. BK-S 10-20833-BAM, which case has been pending without interruption since that date.

90.     Ziasun, LLC ("Ziasun") is a limited liability company duly organized and existing under the laws of the State of Nevada, with its principal place of business located in Clark County, Nevada.

91.     Pacific Hampden, LLC ("Pacific Hampden") is a Nevada limited liability company.

92.     Phyllis Wynn ("Wynn") is an individual and at all relevant times residing in Clark County, Nevada.

93.     Defendant's alleged liability to Plaintiffs, if any, that may result in a finding against Defendants as to the alleged preferential transfer should result in liability as to any concurrent or subsequent transferees or recipients of the proceeds at issue.

**GENERAL ALLEGATIONS**

94.     On July 31, 2007, Debtor executed a promissory note, in the amount of $1,000,000 due fully payable and due on August 10, 2007.

95. The promissory note included a personal continuing guarantee executed by Debtor.

96. The Defendants filed a UCC Statement on September 17, 2007.

97. In or about the first quarter of 2008, Pacific Hampden sold (the "Sale") certain of its assets to Windsor at the District, LLC ("Windsor").

98. At least $3 million from the proceeds of the sale received from Windsor was secured pursuant to the Promissory Note, The Continuing Guaranty, and the UCC Filing.

99. In addition to the Promissory Note, Pacific Hamden also owed Defendants and its assignees $6,000,000 secured by a deed of trust on the Pacific Hamden Property and similarly included a promissory note and a personal guarantee executed by Debtor.

100. In accordance with the loan documents, prior to the sale, the title company requested a payoff demand to release the security interest Defendants held so as to close escrow on the Sale. Defendants submitted a payoff demand to the title company on January 7, 2008 in the amount of $8,262,263.39.

101. Debtor negotiated and bargained for a reduced payoff to Defendants in the amount of $6,766,263.43 to be paid through escrow, and $1,000,000 to be paid upon closing of the sale which occurred on or about January 28, 2008. As a result debtor received a benefit valued at more than $500,000.

102. Pacific Hampden, issued a check in the name of OneCap in the sum of $1 million in contemporaneous exchange for new value and in consideration for the release of collateral from escrow. On or about February 6, 2008, OneCap deposited the Check into its business checking account ending in 5492 held with Bank of America, N.A. (the "BofA Account").

103. On or about February 8, 2008, from its BofA Account, OneCap transferred by wire the $1 million Transfer to Ziasun directing Ziasun to forward payment on behalf of and for the benefit of OneCap Holding to a creditor of OneCap Holding (Phyllis Wynn).

104. Ms. Wynn received a total of $500,000.

105. The remainder was returned to OneCap Holding within 30 days.

106. Ziasun and Hesser never received any value or benefit as a result of the transfer.

107. Ziasun never exercised any dominion or control over the subject funds.

### Count I
### CONTRIBUTION

108. This defendant herein refers to an incorporates its previously set forth responses as if set fourth fully at length herein.

109. In the event Plaintiffs are able to recover any part of their alleged damages from Defendants – which damages Defendants denies – then Wynn should be held responsible for the amount she received.

110. Defendants are entitled to contribution from Wynn in the amount of $500,000.

### Count II
### INDEMNIFICATION

111. This defendant herein refers to an incorporates its previously set forth responses as if set fourth fully at length herein.

112. In the event Plaintiffs are able to recover any part of their alleged damages from Defendants – which damages Defendants denies – then Wynn should be held responsible for the amount she received.

113. Defendants are entitled to indemnification from Wynn in the amount of $500,000.

//

//

WHEREFORE, Defendants respectfully requests that this Court:

(1) Enter judgment in favor of Defendants on the Complaint, dismissing it with prejudice; or, in the alternative, grant Defendants' cross-claims for indemnity and contribution in the amount of $500,000;

(2) Award Defendants its fees, costs and disbursements in this action; and further relief as this Court may deem just and proper.

Dated this 11th day of May, 2011.

                                              SANTACROCE LAW OFFICES, LTD.

                                              */s/ Frederick A. Santacroce, Esq.*
                                              _____
                                              FREDERICK SANTACROCE, ESQ.
                                              Nevada Bar No. 5121
                                              SANTACROCE LAW OFFICES, LTD
                                              706 S. 8th Street
                                              Las Vegas, Nevada 89101
                                              Telephone: (702) 598-1666
                                              Fax: (702) 385-1327
                                              Attorney for Defendant Vincent Hesser
                                              and Ziasun, LLC